**STEVEN E. KLEIN, OR BAR #051165**
stevenklein@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**G. ROXANNE ELINGS, ESQ.**
*(pro hac vice pending)*
roxanneelings@dwt.com
**L. DANIELLE TOALTOAN, ESQ.**
*(pro hac vice pending)*
danielletoaltoan@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **GARAN, INCORPORATED and GARAN SERVICES CORPORATION,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**MANIMAL, LLC,**<br><br>DEFENDANT. | Case No. 3:20-cv-623<br><br>**COMPLAINT FOR JUDICIAL REVIEW, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Garan, Incorporated and Garan Services Corporation (collectively, "Garan" or "Plaintiffs"), for their complaint against defendant Manimal, LLC ("Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1. Garan was founded in 1941 and is a global manufacturer and importer of branded and private label apparel, with over 5,000 employees worldwide. Garan's personnel are involved end-to-end from market trend research through design/development to production and shipping apparel to customers. Garan's most well-known brand, GARANIMALS, originated in 1972 and has been a fixture in American culture since. GARANIMALS was founded on a simple but unique concept: to help parents affordably dress their young children in comfortable clothing that is easy to mix and match. Since the early 1970s, the GARANIMALS brand has been used in connection with: children's apparel, including hosiery, undergarments, outerwear and sleepwear; footwear; headwear, including hats and caps; books; bedding; games and toys (including "plush", bath and learning) ("GARANIMALS Products"). Today, GARANIMALS Products are sold through over 4,700 Walmart stores across the United States, where 90 percent of the population resides within ten (10) miles of a Walmart store. GARANIMALS Products are also sold on the secondary market through multiple online platforms, including Amazon and eBay. GARANIMALS Products are sold at a rate of approximately six (6) pieces every second, for a total of approximately 200 million units per year. GARANIMALS is part of the popular culture appearing in political satire, late-night comedy, shows, books, memes and tweets.

2. This is an action filed pursuant to 15 U.S.C. § 1071(b)(1) seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("the Board") of the United States Patent and Trademark Office ("PTO"), dated February 13, 2020. The Board filed its decision in

connection with the trademark opposition proceeding captioned *Garan, Incorporated and Garan Services Corp. v. Manimal, LLC*, Opposition No. 91232774 (the "Opposition").

3.   This is also an action for trademark infringement, unfair competition and trademark dilution under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), arising out of Defendant's adoption and infringing use of the MANIMAL trademark (the "MANIMAL Mark"), in connection with its distribution, advertisement, promotion, marketing, offering for sale and sale of clothing, footwear and related goods.

4.   Finally, this is an action seeking declaratory judgment that Defendant does not have a bona fide intent to use the MANIMAL Mark in connection with all of the goods listed in its Application No. 85511299 (the "MANIMAL Application"), and thus the MANIMAL Application is void ab initio and not entitled to registration.

## PARTIES

5.   Plaintiff Garan, Incorporated is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 200 Madison Avenue, New York, New York 10016.

6.   Plaintiff Garan Services Corporation is a wholly owned subsidiary of Garan, Incorporated and is organized and existing under the laws of the State of Delaware, with its principal place of business located at 200 Madison Avenue, New York, New York 10016.

7.   On information and belief, Defendant is a limited liability company existing under the laws of the State of Nevada with its principal place of business located at Suite F320 10117 SE Sunnyside Road, Clackamas, Oregon 97015.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§1071(b)(1) and (4), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and 15 U.S.C. § 1121(a).

9. This Court has personal jurisdiction over Defendant because Defendant does business in this district and jurisdiction. Personal jurisdiction is also proper over Defendant because Defendant distributes, manufactures, advertises, promotes, markets, offers for sale and sells goods under the infringing MANIMAL Mark and otherwise conducts substantial, continuous, and systematic course of business in Oregon, including in this judicial district, resulting in injury to Garan in Oregon, including in this district.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because, among other reasons, a substantial part of the events giving rise to the claims alleged occurred in this district and further, on information and belief, Defendant transacts business within this district and distributes, manufactures, advertises, promotes, markets, offers for sale and sells goods in this district in a manner that infringes Garan's trademark rights.

## FACTS COMMON TO ALL CLAIMS

**THE GARANIMALS BRAND**

11. The GARANIMALS brand has been a fixture in American culture since the early 1970s, when Garan first coined the fanciful and arbitrary trademark. Since then, Garan has continuously used GARANIMALS alone or in combination with other words and/or designs, many of which are federally registered (collectively, the "GARANIMALS Marks") to distribute, market, advertise, promote, offer for sale and/or sell GARANIMALS Products to parents and grandparents for use by their children and grandchildren.

12.     The GARANIMALS brand quickly gained recognition for its innovative system of using animal hang-tags to help with the selection of clothes at the point-of-sale and sewn-in animal labels to assist children with mixing and matching tops and bottoms.

13.     By 1981, popular psychologist Dr. Joyce Brothers recognized the importance of GARANIMALS in her booklet, "Clothing and a Child's Self Image" that the GARANIMALS system could teach children to learn how to dress themselves at an earlier age, resulting in early decision-making and enhanced self-esteem.

14.     The brand loyalty that GARANIMALS first cemented in the 1970s and 1980s has persisted over several generations as children and grandchildren who grew up wearing GARANIMALS Products now buy GARANIMALS Products for their own children and grandchildren.

15.     Now, close to fifty years since its inception, GARANIMALS is one of the most famous trademarks in the United States. This is in large part due to Garan's significant investment in the national distribution, promotion and advertisement of the GARANIMALS brand and the uniqueness of the GARANIMALS tagging system which led to its ubiquitous place in the American vocabulary.

16.     Since 2007, Garan has invested tens of millions of dollars to market and advertise the GARANIMALS brand. In the last five years alone, Garan has expended in excess of 35 million dollars on marketing and advertising. Garan has consistently marketed the GARANIMALS brand on multiple platforms such as mail, print (*Parents*, *American Baby* and *People en Español*), television (network and cable channels including ABC Family, Animal Planet, Discovery, MTV, Bravo, Fuse, WE, VH1, CMTV, E!, Lifetime, POP and 23 Spanish-

language networks such as Univision, Telemundo, and ESPNDeportes), and social media (Facebook, Instagram and YouTube).

17. The GARANIMALS Products are frequently featured on Walmart's social media accounts as well as its own. In 2019, Garan's Facebook advertising around the GARANIMALS brand reached over ten (10) million people and resulted in over 35 million impressions (number of people reached through additional engagement).

18. Today, GARANIMALS is sold through Walmart, the largest retailer in the United States, with over 4,700 stores nationwide and through its website (walmart.com). GARANIMALS is also marketed through the GARANIMALS website at www.garanimals.com (where the consumer is redirected to the Walmart website).

19. GARANIMALS popularity has translated into significant sales of over four billion retail sales dollars over the last five years alone, representing a significant market share.

20. Based on the longevity in popularity and success of GARANIMALS, it is no surprise that the brand is an integral part of American culture and enjoys a high degree of recognition nationally.

21. As an example, the GARANIMALS brand ranks second in brand awareness among the general adult population in connection with children's clothing brands, ahead of competitors with their own brick and mortar stores such as Old Navy, Children's Place and Baby Gap.

22. The GARANIMALS brand has a high degree of unsolicited media attention, including in connection with popular shows such as *The Academy Awards Show*, *The Tonight Show With Jimmy Fallon*, *Saturday Night Live*, *Glee*, *Shameless*, and news stories covering everything from fashion to pop culture to politics as reported in *The Wall Street Journal*,

*Newsweek*, *Entertainment Weekly*, *The Washington Post*, *GQ* and *The New York Times*. Additionally, the GARANIMALS brand has been: connected to and/or mentioned by prominent people, including Joe Biden, Ryan Seacrest, Ryan Gosling, Zach Galifianakis and Bryan Cranston; become synonymous with a system of mixing and matching separates; been credited as the inspiration for many fashion start-ups and trends; mentioned in several books and featured in at least one book on popular culture, *From ABBA to Zoom: A Pop Culture Encyclopedia of the Late 20th Century*, by David Mansaur; featured in the award-winning and iconic *Dilbert* comic strip; and on a plethora of occasions has been part of political and other memes.

23. Because of its longevity of continuous use, extensive advertising, nationwide distribution, and high volume of sales of GARANIMALS Products, GARANIMALS Marks are famous and widely recognized by consumers throughout the United States. Accordingly, the GARANIMALS Marks enjoys substantial recognition and goodwill.

**THE GARANIMALS MARKS**

24. In addition to being famous, the GARANIMALS Marks are distinctive.

25. The GARANIMALS Marks are coined, fanciful and arbitrary, and many of the GARANIMALS Marks are registered under Section 2(f), indicating that the GARANIMALS Marks have achieved acquired distinctiveness.

26. Garan holds trademark applications and registrations for the GARANIMALS Marks throughout the world, with over 30 in the United States alone, including GARANIMALS, GARANIMAL, GARANIMALS EVERYDAY, GARANIMALS READING ZOO, and 365 KIDS FROM GARANIMALS (see Exhibit A).

27. Many of Garan's federal registrations of the GARANIMALS Marks are incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and

constitute conclusive evidence that the marks are valid and that Garan is entitled to exclusive use of the GARANIMALS Marks in commerce throughout the United States in connection with the goods related thereto.

**DEFENDANT'S MANIMAL MARK**

28. On information and belief, long after Garan adopted the GARANIMALS Marks, Defendant began using in 2009 its MANIMAL Mark in connection with t-shirts, footwear, wrist wraps, knee wraps, stickers and prints.

29. On January 8, 2012, Defendant filed the MANIMAL Application in International Class 25, expanding its goods to include "[m]en's, [w]omen's and [c]hildren's clothing, namely, [t]ops, bottoms, pants, underwear, socks, [t]-shirts, hats, sweatpants, sweatshirts, long sleeve shirts, thermal tops, shorts, bathing suits, athletic uniforms, tank tops, wrist wraps, footwear, jackets, warm-up suits, belts, beanies, bandanas, wrist bands, sweaters, jeans, [c]ompression garments for athletic and other non-medical use, namely, compression socks, stockings, leggings, jerseys, vests, trousers, sleeves, shirts" ("Defendant's Goods").

30. Defendant uses the MANIMAL Mark on the Manimal website (manimal.com), blog and social media accounts, including Instagram and Facebook, and has adopted the MANIMAL Mark in its paid advertising, which it claims has reached millions of viewers.

31. Defendant acknowledges that it adopted the MANIMAL Mark to evoke the common understanding of the term as referring to a creature that is part animal. Specifically, Defendant has developed its MANIMAL brand around the image of a wolf.

32. Given that both Plaintiffs' and Defendant's brands are associated with animals, Plaintiffs and Defendant market and sell related goods, and have substantial similarities in

appearance and sound, the GARANIMALS Marks and the MANIMAL Mark create similar commercial impressions.

33. The similarity between the two brands is most apparent when Defendant's use of the MANIMAL Mark in connection with t-shirts and footwear is compared against Garan's use of the GARANIMALS Marks in connection with footwear and shirts as shown below.


Plaintiffs' GARANIMAL Shirt


Defendant's MANIMAL shirt


Defendant's MANIMAL shirt


Plaintiffs' GARANIMALS footwear


Defendant's MANIMAL footwear

34. Defendant's use of the MANIMAL Mark thus so resembles Garan's use of the GARANIMALS Marks that Defendant's conduct is likely to cause confusion, mistake, and deception of consumers as to the source, quality, and nature of the Defendant's Goods, resulting

in injury to the reputation and goodwill of the GARANIMALS brand and dilution of the GARANIMALS Marks.

35. The fame of the GARANIMALS Marks only further enhances the likelihood that consumers will see Defendant's Goods believing that the products originate, or are in some way affiliated with, Plaintiffs.

36. The injury inflicted by Defendant on the GARANIMALS brand is even more grievous due to Defendant's use of profanity on several of Defendant's Goods, which then appears to be sourced, sponsored or approved by Garan and/or dilutes the GARANIMALS brand through tarnishing and/or blurring.

**DEFENDANT'S LACK OF BONA FIDE INTENT**

37. The MANIMAL Application is an "intent to use" application, which indicates that Defendant has not begun using the MANIMAL Mark in commerce in connection with all the goods identified in the MANIMAL Application. However, pursuant to 15 U.S.C. §1051(b), Defendant had to attest at the time that it filed the MANIMAL Application that it intended to use the MANIMIAL Mark in commerce in connection with all the goods described therein.

38. Despite this, on information and belief, Defendant has never used nor intended to use the MANIMAL Mark in connection with all of the goods in the Manimal Application.

**THE TRADEMARK TRIAL AND APPEAL BOARD**

39. On February 8, 2017, Garan filed a Notice of Opposition under § 13 of the Federal Trademark Act, 15 U.S.C. § 1063, seeking to prevent the issuance of a federal trademark registration for the MANIMAL Mark for use in connection with the goods listed in the MANIMAL Application on several grounds that would result in damage to Garan, including:

    a. The concurrent use of Defendant's MANIMAL Mark and Garan's GARANIMALS Marks is likely to cause confusion with respect to the source, origin and/or sponsorship of the Defendant's Goods within the meaning of § 2(d) of the Federal Trademark Act, 15 U.S.C. § 1052(d); and

    b. Defendant's use of the MANIMAL Mark in connection with the Defendant's Goods is likely to dilute the distinctiveness of Garan's famous GARANIMALS Marks within the meaning of § 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c).

40. The proceeding was assigned Opposition No. 91/232,774.

41. Defendant, in its Answer, denied Garan's allegations.

42. On February 13, 2020, the Board issued a final decision denying the opposition filed by Garan which is subject to review by this Court under § 21(b) of the Federal Trademark Act, 15 U.S.C. § 1071(b). A true and correct copy of said final decision is annexed hereto as **Exhibit B** and made a part hereof.

**FIRST CLAIM FOR RELIEF**
**(Judicial Review of Trademark Trial and Appeal Board Final Decision)**

43. Garan realleges and incorporates by reference the allegations in paragraphs 1 through 42, as if set forth fully herein.

44. As a cause of action and ground for relief against Defendant, Garan seeks, in part, a *de novo* judicial review pursuant to § 21(b) of the Federal Trademark Act, 15 U.S.C. § 1071(b), of the final decision rendered by the Board in *Garan Incorporated and Garan Services Corp. v. Manimal, LLC*, Opposition No. 91/232,774 on the following grounds:

    a.   The Board failed to give proper weight to the evidence of third party marks establishing the strength and scope of protection of Garan's famous GARANIMALS Marks;

    b.   The Board failed to give proper weight to the evidence of third party marks resulting in the erroneous finding that the GARANIMALS Marks and the MANIMAL Mark were different in sound, sight and meaning;

    c.   Additional evidence to be presented before this Court for *de novo* consideration showing that the GARAMINALS Marks are famous, thereby affording GARANIMALS a broader scope of protection when assessing the likelihood that consumers would confuse the MANIMAL Mark and GARANIMALS Marks; and

    d.   Additional evidence to be presented before this Court for *de novo* consideration on the existence of third party marks.

45.    Plaintiff elects to seek recourse under § 21(b) of the Federal Trademark Act, 15 U.S.C. § 1071(b), for reversal of the February 13, 2020 decision on the grounds that Defendant's use and registration of the MANIMAL Mark in connection with the goods described in the MANIMAL Application is likely to cause confusion and to dilute the distinctiveness of Garan's famous GARANIMALS Marks.

**SECOND CLAIM FOR RELIEF**
**(Infringement of a Federally Registered Trademark)**
**15 U.S.C. § 1114(1)**

46.    Garan realleges and incorporates by reference the allegations in paragraphs 1 through 42, as if set forth fully herein.

47.    This claim is against Defendant for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     Garan is the owner of the entire right, title and interest in and to the GARANIMALS Marks.

49.     Since as early as 1972, Garan has continuously used the GARANIMALS Marks in connection with the distribution, marketing, advertising, promotion, offering for sale and sale of the GARANIMALS Products. The GARANIMALS Marks has achieved fame and widespread recognition among consumers in connection with those goods.

50.     The consuming public has come to recognize the GARANIMALS Marks as being used by Garan or a single source and associate and identify the GARANIMALS Marks with Garan or a single source.

51.     The MANIMAL Mark used by Defendant in interstate commerce in connection with the distribution, marketing, advertising, promotion, offering for sale, or sale of clothing, footwear and other related goods so closely resembles Garan's registered GARANIMALS Marks in appearance, sound and commercial impression that it is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

52.     Garan never consented to or authorized Defendant's adoption or commercial use of the MANIMAL Mark for any purpose.

53.     On information and belief, at all times relevant to this action, including when Defendant first adopted the MANIMAL Mark and commenced commercial use of the same in connection with its sale of clothing, footwear and related goods, Defendant knew of Garan's prior adoption and widespread commercial use of GARANIMALS Marks in connection with clothing, footwear and related goods and knew of the valuable goodwill and reputation acquired by Garan in connection with its GARANIMALS Marks.

54. On information and belief, Defendant's use of the MANIMAL Mark has caused confusion, mistake, and deception to purchasers as to the source and origin of Defendant's products.

55. Defendant's activities are likely to lead the public to conclude, incorrectly, that the Defendant's Goods originate with, are sponsored by, and/or are authorized by Garan, to the damage and harm of Garan and the consuming public.

56. Garan has no control over the quality of Defendant's infringing goods, and because of the source of confusion engendered by Defendant's trademark infringement, Garan's valuable goodwill in and to its federally registered GARANIMALS Marks is being significantly harmed.

57. Defendant's activities constitute infringement of Garan's federally registered GARANIMALS Marks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1).

58. Accordingly, Garan is entitled to recover damages as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

59. Defendant's activities have caused and will continue to cause irreparable harm to Garan for which Garan has no adequate remedy at law, in that: (i) Defendant's infringement constitutes an interference with Garan's goodwill and customer relationships and will substantially harm Garan's reputation as a source of high quality goods, as well as dilute the substantial value of the GARANIMALS Marks; and (ii) Defendant's wrongful conduct, and the resulting damages to Garan, are continuing. Accordingly, Garan is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) preventing Defendant's use of the MANIMAL Mark in connection with Defendant's Goods.

60. Garan also is entitled to any additional remedies as this Court deems appropriate.

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition)
### 15 U.S.C. § 1125(a)

61. Garan realleges and incorporates by reference the allegations in paragraphs 1 through 42, as if set forth fully herein.

62. This claim is against Defendant for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Garan is the owner of the entire right, title and interest in and to the GARANIMALS Marks.

64. Since as early as 1972, Garan has continuously used the GARANIMALS Marks in connection with the distribution, marketing, advertising, promotion, offering for sale and sale of the GARANIMALS Products. The GARANIMALS Marks has achieved fame and widespread recognition among consumers in connection with those goods.

65. The consuming public has come to recognize the GARANIMALS Marks as being used by Garan or a single source and associate and identify the GARANIMALS Marks with Garan or a single source.

66. The MANIMAL Mark used by Defendant in interstate commerce in connection with the distribution, marketing, advertising, promotion, offering for sale, or sale of clothing, footwear and other related goods so closely resembles Garan's registered GARANIMALS Marks in appearance, sound and commercial impression that it is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

67. Garan never consented to or authorized Defendant's adoption or commercial use of the MANIMAL Mark for any purpose.

68. On information and belief, at all times relevant to this action, including when Defendant first adopted the MANIMAL Mark and commenced commercial use of the same in connection with its sale of clothing, footwear and related goods, Defendant knew of Garan's prior adoption and widespread commercial use of GARANIMALS Marks in connection with clothing, footwear and related goods and knew of the valuable goodwill and reputation acquired by Garan in connection with its GARANIMALS Marks.

69. On information and belief, Defendant's use of the MANIMAL Mark has caused confusion, mistake, and deception to purchasers as to the source and origin of Defendant's products.

70. Defendant's activities are likely to lead the public to conclude, incorrectly, that the Defendant's Goods originate with, are sponsored by, and/or are authorized by Garan, to the damage and harm of Garan and the consuming public.

71. Garan has no control over the quality of Defendant's infringing goods, and because of the source of confusion engendered by Defendant's trademark infringement, Garan's valuable goodwill in and to its GARANIMALS Marks is being significantly harmed.

72. Defendant's activities constitute infringement of Garan's GARANIMALS Marks and unfair competition in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).

73. Accordingly, Garan is entitled to recover damages as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

74. Defendant's activities have caused and will continue to cause irreparable harm to Garan for which Garan has no adequate remedy at law, in that: (i) Defendant's infringement constitutes an interference with Garan's goodwill and customer relationships and will

substantially harm Garan's reputation as a source of high quality goods, as well as dilute the substantial value of the GARANIMALS Marks; and (ii) Defendant's wrongful conduct, and the resulting damages to Garan, are continuing. Accordingly, Garan is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) preventing Defendant's use of the MANIMAL Mark in connection with Defendant's Goods.

75.     Garan also is entitled to any additional remedies as this Court deems appropriate.

**FOURTH CLAIM FOR RELIEF**
(Dilution)
15 U.S.C. §1125(c)

76.     Garan realleges and incorporates by reference the allegations in paragraphs 1 through 42, as if set forth fully herein.

77.     Because of the high degree of distinctiveness of the GARANIMALS Marks, the nearly fifty years of continuous use of the GARANIMALS Marks by Garan, the vast publicity the GARANIMALS Marks has received, the extent to which the GARANIMALS Marks is used nationally and the high degree of consumer recognition of the GARANIMALS Marks, the GARANIMALS Marks is and has become famous pursuant to 15 U.S.C. §1125(c).

78.     Defendant's infringing use of the MANIMAL Mark therefore lessens the capacity of Garan's famous GARANIMALS Marks to identify and distinguish GARANIMALS Products.

79.     Defendant's further use of profanity tarnishes Garan's goodwill and reputation associated with the GARANIMALS brand as child and family friendly.

80.     Garan accordingly has been and will continue to be damaged by Defendant's use and registration of the MANIMAL Mark.

81.     Garan is entitled to recover damages as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a) and is further entitled to injunctive relief pursuant to 15 U.S.C.

§ 1116(a) preventing Defendant's use of the MANIMAL Mark in connection with Defendant's Goods.

### FIFTH CLAIM FOR RELIEF
**(Lack of Bona Fide Intent to Use)**

82. Garan realleges and incorporates by reference the allegations in paragraphs 1 through 42, as if set forth fully herein.

83. Under 15 U.S.C. §1051(b), an applicant for trademark registration must submit a verified statement that it has a bona fide intention, under circumstances showing good faith of such person, to use the mark in commerce on or in connection with the goods listed in the application at the time the application is filed.

84. On information and belief, Defendant did not have bona fide intention under the circumstances showing good faith to use the MANIMAL Mark in commerce in the United States in connection with all the goods described in the MANIMAL Application at the time it filed the MANIMAL Application.

85. Notably, Defendant has repeatedly suggested that it had no plans to use the MANIMAL Mark on children's clothing at the time of its filing of the MANIMAL Application.

86. The MANIMAL Application is thus void ab initio and not entitled to registration.

### PRAYER FOR RELIEF

WHEREFORE, Garan prays for entry of a judgment ordering that:

1. The Court reverse the final decision of the Board in the Opposition and, in accordance with § 37 of the Federal Trademark Act, 15 U.S.C. § 1119, directing the USPTO to deny registration of Defendant's MANIMAL Application.

2. The Court declare Defendant's MANIMAL Application void *ab initio*.

3.  Defendant has infringed Plaintiffs' rights in its GARANIMALS Marks under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), have engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and have diluted the distinctive qualities of Plaintiffs' famous GARANIMALS Marks under § 43(c)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(c)(1).

4.  Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

   a. Using any trademark, service mark, corporate name, domain name or other commercial indication of origin that consists of or incorporates the GARANIMALS Marks or any other trademark, service mark, corporate name, or other commercial indication of origin that is confusingly similar to Plaintiffs' GARANIMALS Marks;

   b. Competing unfairly with Plaintiffs or otherwise injuring Plaintiffs' business reputation in the manner complained of herein;

   c. Engaging in unfair business practices in the manner complained of herein; and

   d. Blurring or diminishing the distinctive quality of the famous GARANIMALS Marks.

5.  Defendant be required to account for and pay monetary damages, in amounts to be proven at trial, to Garan should it be determined that Defendant has infringed and/or diluted the GARANIMALS Marks;

6.  Plaintiffs be awarded its costs and attorneys' fees incurred in this action, along with any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Garan demands a trial by jury of all the issues so triable.

DATED this 16th day of April, 2020.

### DAVIS WRIGHT TREMAINE LLP


By /s Steven E. Klein/

STEVEN E. KLEIN, OR BAR #051165
stevenklein@dwt.com
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

*Attorney for Garan, Incorporated and Garan Services Corp.*

Of counsel:

**G. ROXANNE ELINGS, ESQ.**
*(pro hac vice pending)*
roxanneelings@dwt.com
**L. DANIELLE TOALTOAN, ESQ.**
*(pro hac vice pending)*
danielletoaltoan@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340